# United States Court of Appeals
### For the Eighth Circuit

_____

No. 26-1553

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy Paul Cota, Jr., also known as TJ, also known as Timothy P. Cota, also known as Tim Cota

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: August 10, 2026
Filed: August 13, 2026
[Unpublished]

_____

Before GRUENDER, BENTON, and TRAYNOR, Circuit Judges.

_____

PER CURIAM.

Timothy Cota, Jr., appeals the above-Guidelines-range sentence the district court[1] imposed after revoking his supervised release for the second time. He argues that the court plainly erred by relying on facts included in two disputed violation reports when varying upward. The government contends Cota waived this claim and the district court committed no plain error in any event.

Upon careful review, we conclude that even assuming Cota did not waive his objections to the reports, the district court did not plainly err in considering his relationship with his probation officer or his Arkansas arrest. *See United States v. Dailey*, 113 F.4th 850, 855 (8th Cir. 2024) (stating that although this court could treat defendant's claim of error as waived where he failed to object to the district court's consideration of disputed allegations when given the opportunity, this court would elect to review the claim for plain error, which is a "formidable" standard of review). The district court's reference to Cota's relationship with his probation officer was not clearly or obviously erroneous, as the court explicitly relied on the government's argument at sentencing, citing a violation report to which Cota had not objected. *See United States v. De Aquino*, 142 F.4th 628, 633 (8th Cir. 2025) (noting that plain-error review requires a showing of a legal error that is clear or obvious).

Further, the district court did not clearly or obviously base Cota's sentence on his Arkansas arrest and, in any event, Cota has not shown that there is a reasonable probability his sentence would have been lighter absent the court's reference to the arrest. *See id.*; *United States v. Pirani*, 406 F.3d 543, 550, 552 (8th Cir. 2005) (en banc) (holding that plain-error review requires a showing that procedural error affected the defendant's substantial rights, i.e., that there is a reasonable probability

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

that but for the error, the defendant would have received a more favorable sentence). The court calculated the Guidelines range based only on the stipulated violations, and its reference to the Arkansas arrest occurred in the context of its discussion of Cota's immediate and repeated violations of his supervision. *See Dailey*, 113 F.4th at 856 (holding that the district court did not plainly err where it calculated the Guidelines range based only on stipulated violations, and its reference to facts related to disputed violations, when read in context, was merely a warning against future violations); *see also United States v. Higgerson*, 166 F.4th 702, 709 (8th Cir. 2026) (noting this court has repeatedly upheld upward variances for recidivist violators of supervised release).

Accordingly, we affirm.

_____